UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **JENIFER AGUILAR,** | ) <br> ) <br> )    **CIVIL ACTION NO.** <br> ) <br> ) <br> ) <br> ) <br> )    **JURY TRIAL DEMANDED** <br> ) <br> )    **COMPLAINT** <br> ) <br> ) <br> ) |
|    Plaintiff, | |
| v. | |
| **DISA GLOBAL SOLUTIONS, INC. d/b/a DISA,** | |
|    Defendant. | |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against Defendant DSIA Global Solutions, Inc. d/b/a DISA (hereafter "DISA"), for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, as amended.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Jennifer Aguilar is an adult individual residing in Donna, Texas.

5. Defendant DISA is a business entity that regularly conducts business in the Southern District of Texas, and which has its headquarters and a principal place of business located at 10900 Corporate Centre, Drive Suite 250, Houston, TX 77041-5248.

## FACTUAL ALLEGATIONS

6. In or around August 2021, Plaintiff applied for employment with ParFab Field Services, LLC. ("PFS").

7. As part of her job application, Plaintiff signed a document purportedly authorizing PFS to obtain a consumer report for employment purposes.

8. PFS contracts with DISA to supply "consumer reports" as defined by 15 U.S.C. § 1681a(d) for employment purposes.

9. The consumer report supplied by DISA contained information which was a matter of public record and of the type of information that was likely to have an adverse effect upon Plaintiff's ability to obtain employment generally, and specifically with PFS.

10. Defendant has been reporting, and did here report, derogatory and inaccurate statements and information relating to Plaintiff to third parties ("inaccurate information").

11. The inaccurate information includes, but is not limited to felony and misdemeanor convictions, including convictions for felony for possession of cannabis, and a misdemeanor for retail theft which do not belong to Plaintiff.

12. The inaccurate information grossly disparages the Plaintiff and portrays her as a criminal and a felon, which she is not. There is perhaps no greater error that a consumer reporting agency can make.

13. In creating and furnishing the Plaintiff's consumer report, Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about the Plaintiff.

14. In fact, Defendant mixed the file of another consumer with that of Plaintiff. Even a rudimentary review of the criminal records would show that they do not belong to Plaintiff, and in fact belonged to another individual with a similar name.

15. Defendant sold PFS a consumer report that contained the inaccurate information.

16. Plaintiff was subsequently denied employment at PFS, and Plaintiff was informed by PFS that the basis for this denial was the inclusion of the inaccurate criminal information on Defendant's consumer report, that the inaccurate information was a substantial factor for the denial.

17. As of result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

18. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

19. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

## COUNT I – VIOLATIONS OF THE FCRA

20. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

21. At all times pertinent hereto, Defendant is a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

22. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

23. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

24. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b).

25. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

26. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

    (a) Actual damages;

    (b) Statutory damages;

    (c) Punitive damages;

    (d) Costs and reasonable attorney's fees; and

    (e)    Such other and further relief as may be necessary, just and proper.

Dated: October 26, 2021        Respectfully Submitted,

FRANCIS MAILMAN SOUMILAS, P.C.

*/s/Joseph L. Gentilcore*
Joseph L. Gentilcore
Federal ID No 1890550
1600 Market St., Suite 2510
Philadelphia, PA 19103
Telephone: (215) 735-8000
Facsimile: (215) 940-8000
Email: jgentilcore@consumerlawfirm.com